Samuel W. CLARK
and
Margaret Underdown, Plaintiffs,
v.
Anthony C. REISSIG
and
E. Pauline Reissig, Defendants.
Civ. A. No. 3818.

United States District Court
S. D. Ohio, W. D.
June 25, 1958.

Curtis P. Mitchell, Washington, D. C., for plaintiffs.

Lindhorst & Dreidame, Cincinnati, Ohio, for defendants.

DRUFFEL, District Judge.

This cause came on to be heard on the motion of the defendants for summary judgment and on the cross motion of the plaintiffs for summary judgment, the exhibits, affidavits and the entire record, and the court hereby makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Defendants are in possession of the premises described in the second amended complaint.

2. Plaintiffs do not have possession of said premises and have shown no right to possession of same.

3. The title and interest of plaintiffs' decedent, Louise C. Minnes, in the premises described in the second amended complaint, was foreclosed in case No. A101531 on the dockets of the Common Pleas Court of Hamilton County, Ohio, wherein the premises in question were sold on a tax foreclosure action for non-payment of taxes.

4. The court finds it unnecessary to determine if the affidavit for constructive service used in said case No. A101531 was defective as respects to said Louise C. Minnes, for the reason that the court finds that the real estate described in the second amended complaint sold at said foreclosure sale for an amount in excess of the delinquent taxes and the court costs, that there was an excess of $67.65 realized from the sale of said premises and said foreclosure action, which amount was ordered by the Common Pleas Court of Hamilton County, Ohio, to be paid to the said Louise C. Minnes.

5. The said Louise C. Minnes accepted the said excess of $67.65, gave a receipt to the Sheriff of Hamilton County, accepted a check payable to her from the Sheriff of Hamilton County in that amount, endorsed said check and negotiated same.

6. Louise C. Minnes herself participated in the said sales case A101531 and accepted the fruits thereof.

7. Louise C. Minnes herself had purchased the premises described in the second amended complaint at a tax foreclosure sale, being case No. A27367 on the dockets of the Common Pleas Court of Hamilton County, Ohio; that in said case No. A27367, the Treasurer of Hamilton County used an affidavit for serv-

ice by publication which was identical with the affidavit used in case No. A101531.

8. That, if the affidavit in case No. A101531 was defective, then likewise, the affidavit in case No. A27367 was defective.

9. The status of the title of the purchaser at the sales in case No. A101531 is identical with the status of the purchaser, Louise C. Minnes, in case No. A27367 on the dockets of the Common Pleas Court of Hamilton County, Ohio.

10. Louise C. Minnes and the plaintiffs, as her heirs, have neither title nor a right of possession to the premises described in the second amended complaint and, therefore, cannot support the cause of action set forth in the second amended complaint.

### Conclusions of Law

1. The plaintiffs, as heirs of Louise C. Minnes, are in the identical legal position that the said Louise C. Minnes would be in, if she were alive, and if she, Louise C. Minnes, were the plaintiff.

2. Louise C. Minnes accepted the fruits of the sale in case No. A101531 on the dockets of the Common Pleas Court of Hamilton County, Ohio, wherein the real estate described in the second amended complaint was sold in foreclosure proceedings, and the said Louise C. Minnes accepted that part of the sale proceeds which exceeded the taxes and the court costs. Therefore, Louise C. Minnes and the plaintiffs are estopped to question the proceedings in the foreclosure action (Case No. A101531). The court finds, therefore, that said proceedings were valid and binding on said Louise C. Minnes and her next of kin.

3. Even if the plaintiffs are correct in their claim that the affidavit for service by publication in case No. A101531 was defective, the court finds that Louise C. Minnes herself acquired title in foreclosure proceedings in case No. A27367 on the dockets of the Common Pleas Court of Hamilton County, Ohio, and that the said Louise C. Minnes acquired her title in sales proceedings where the identical affidavit was used, that was used in case No. A101531. Therefore, if the plaintiffs are correct in their argument that the defendants' title is defective, it would automatically and axiomatically follow that Louise C. Minnes herself never acquired good title to said real estate. Therefore, even if plaintiffs' argument is correct, it follows that plaintiffs and Louise C. Minnes have no legal title to the real estate described in the second amended complaint. The court finds, as alleged in the second amended complaint, that the defendants are in possession of said real estate, that the plaintiffs have no possession of said real estate.

4. The Court finds that Louise C. Minnes and the plaintiffs have neither possession nor legal title to said premises and, therefore, cannot maintain the action against these defendants.

5. Irrespective of whether the defendants have title to the premises, or not, they are admitted to have possession of said premises. Therefore, since the plaintiffs cannot show a good title to said premises and do not show a good title to said premises and since the plaintiffs do not show any right of possession to said premises, the plaintiffs cannot question the title or the possession of the defendants in the within action.

6. The court finds, as a matter of law, that the defendants do have good title to said premises, as well as the possession thereof.

7. The plaintiffs have not sustained the burden of proof on their cross motion for summary judgment.

8. The defendants have sustained the burden of proof on their motion for summary judgment and by reason thereof the defendants are entitled to summary judgment in their favor, together with their costs.